(30 Misc. Rep. 338.)

### SANDS v. SANDS et al.

(Supreme Court, Special Term, New York County. January, 1900.)

INFANTS—FUNDS IN HANDS OF EXECUTRIX—PAYMENT TO GUARDIAN—ACTION.

An action by an executrix for a judgment directing that she be allowed to pay to the general guardian of infant defendants, appointed in the state, funds in her hands, conceded to rightfully belong to them, will be dismissed where it does not appear that there was any adverse claim to such funds, though a general guardian of the defendants' estate has been appointed in another state, since the allowance of such an action would result in a needless depletion of defendants' estate by costs and allowances.

Action by Anna Constance Sands, executrix, etc., against Lloyd L. Sands and others, to determine the distribution of a fund. Complaint dismissed.

Joseph P. Osborne, for plaintiff.
Victor W. Hungerford, for defendants.

RUSSELL, J. It is not well to authorize a judgment of this court which would not be safe to follow as a precedent in subsequent cases. It is not a good precedent to deplete a small fund belonging to infants by the costs and allowances of an equity action which is needless. By the proposed decision presented to this court I am asked to direct judgment that the plaintiff be allowed to pay to the State Trust Company, general guardian of the infant defendants, $3,527.21, conceded to rightfully belong to them, deducting first therefrom costs and extra allowances to plaintiff's counsel and the guardian ad litem. No doubt has been raised by the pleadings or proof that the infants come rightfully to this bequest under the will of Elizabeth Sands; or that Charles A. Sands, administrator with the will annexed of Elizabeth Sands, held the fund at his death; or that the plaintiff, as his executrix, received it, and now has it intact; or that those interested in his estate claim any part;

63 N.Y.S.—31

or that any other person asserts an interest adverse to the infants. It is averred that the Commonwealth Title Insurance & Trust Company of Philadelphia has been appointed general guardian of the estate of the infants, and the inquiry is suggested as to whether it is best to pay the fund to that company or the State Trust Company, duly appointed general guardian of these infants by the court of this state, where the infants reside. But that inquiry is not dignified by the joinder of these companies as parties to this action as hostile claimants to the fund, whose claims should be adjudicated and safely determined for plaintiff's protection; nor is it even alleged that they are such hostile claimants. It is also urged that surrogate's courts have not power to decide disputed claims to property. To some extent this is true. But there must ·be an adverse claim to excite a dispute, and the decree of that court passing the payment of this fund to the rightful owner on an accounting by the executrix would bar any one interested in the estate she represents from claiming thereafter what they never claimed before. But counsel for plaintiff finally urges: "The infants claim that fund. Clearly, they could maintain action to recover the fund, and determine all the issues raised. It is equally clear that plaintiff has the same right to determine the same issues by action in the same court." Stripped of the vague verbiage about issues which do not exist, this simply means an owner may sue for his undoubted property; ergo, the holder may bring an action to have it adjudged that he may deliver, deducting from the delivery costs and allowance to counsel. The guardian ad litem now asks an affirmative judgment directing plaintiff to pay the fund to the State Trust Company without deduction, and that his costs and allowances be imposed personally on the plaintiff. The court had to twice call on the guardian ad litem and plaintiff's counsel for memoranda showing the reasons for this litigation, not wishing to overlook any justification for its maintenance not obvious to the court without their views. It does not yet find in the memorandum of the guardian ad litem any ground upon which to rest judgment for affirmative relief for defendants in an action where the complaint should be dismissed, nor does it find in the answer any prayer for such relief. Doubtless the State Trust Company, general guardian, can amply protect the interests of the infants by obtaining the fund without litigation.

Complaint dismissed, with costs.